IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TYRONE OFFIE,  )
         Plaintiff,  )
  -vs-  )   Civil Action No. 12-1445
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
         Defendant.  )

AMBROSE, Senior District Judge.

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 10) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 8).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed an application for benefits on April 14, 2009, alleging he had been disabled due to both physical and mental limitations since October 31, 2008. (ECF No. 6-5, pp. 2-5). Administrative Law Judge ("ALJ") David Hatfield, held a hearing on January 5, 2011, during which a vocational expert testified. (ECF No. 6-2, pp. 26-68). On March 21, 2011, the ALJ found that Plaintiff was not

1

disabled under the Social Security Act. (Docket No. 6-2, pp 12-21). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when

evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. WHETHER THE ALJ ERRED IN DETERMINING THE PLAINTIFF'S ALLEGATIONS REGARDING HIS LIMITATIONS WERE NOT ENTIRELY CREDIBLE.

Plaintiff submits that "[b]ecause the ALJ provided only a conclusory statement as an explanation for how he evaluated the credibility of the Plaintiff's subjective complaints, this Court cannot assess and review whether the reasons the ALJ identified in a final decision to support the credibility decision are legitimate. (ECF No. 9, p. 16). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's

3

statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ found Plaintiff's statements were not entirely credible and did not find the subjective factors "entirely persuasive" based on, *inter alia,* Plaintiff's activities of daily living, his inconsistent statements about his substance use, and other relevant evidence and/or lack thereof in the record. (ECF No. 6-2, p. 17-19). After a thorough review of the record as a whole, and based on the above, I find that the ALJ did as required under SSR 96-7p. He properly evaluated Plaintiff's statements based on the entire record as a whole and his decision was supported by substantial evidence. *Id.* Thus, I find the ALJ did not err in this regard.

### C. **WHETHER THE ALJ ERRED IN FAILING TO ASK THE VOCATIONAL EXPERT ABOUT THE CONFLICT IN VE EVIDENCE AND INFORMATION CONTAINED IN THE D.O.T. AND FAILING TO PROVIDE A REASONABLE EXPLANATION FOR THE RESOLUTION OF THE CONFLICT PURSUANT TO SSR 00-4P**

Plaintiff also argues that the ALJ erred in accepting the vocational expert's testimony regarding a sit/stand option for light work when the Dictionary of Occupational Titles ("D.O.T") does not provide for the same. (ECF No. 9, pp. 16-18). I find this argument to be misplaced. An ALJ is only required to accept the responses which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). In this case, although the ALJ inquired about a sit/stand option at the light exertional level, the record reveals that the ALJ did not include the sit/stand option in his RFC.

4

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(d) except that the claimant is limited to work involving only simple tasks involving little or no judgment, no interaction with the public, and occasional interaction with coworkers on the job.

(ECF No. 15). Thus, I agree with Defendant that the VE's testimony regarding the same is not an issue in this case. Based on the RFC used by the ALJ, there is substantial evidence that the hypothetical questions adopted by the ALJ accurately reflected Plaintiff's impairments. Consequently, I find no error in this regard.

### C. WHETHER THE ALJ ERRED IN HIS ANALYSIS OF CERTAIN MEDICAL EVIDENCE

Finally, Plaintiff, in two conclusory sentences, states that because all of the treating physician's records were consistent with each other and with the subjective testimony of Plaintiff, such evidence should be given great weight, in particular Dr. Abla's assessment of Plaintiff that he has moderate to severe spondylotic changes in the spine. (ECF No. 9, p. 19, citing Dr. Abla's record at ECF No. 6-8, pp. 21-24). Since the statement is conclusory, I find there to be an absence of any substantive or meaningful analysis of the same and thus, undeveloped and wholly inadequate. *See, Pennsylvania v. U.S. Dept. of Health & Human Serv.,* 101 F.3d 939, 945 (3d Cir. 1996)(stating that conclusory assertions, unaccompanied by a substantial argument, will not suffice to bring an issue before the court). Given the conclusory nature of the assertion, I find it difficult to determine Plaintiff's argument as it relates to Dr. Abla, a neurosurgeon Plaintiff consulted with one time on May 19, 2009. (ECF No. 6-8, pp. 21-24). In this case, the ALJ found that Plaintiff has severe spondylosithesis. (ECF No. 6-2, p. 14). Therefore, I am at a loss as to how Plaintiff believes the ALJ erred regarding Dr. Abla. Consequently, I find no merit to this conclusory statement.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TYRONE OFFIE,                         )
                                      )
        Plaintiff,                    )
                                      )
   -vs-                               )    Civil Action No.  12-1445
                                      )
CAROLYN W. COLVIN,                    )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
        Defendant.                    )

AMBROSE, Senior District Judge.

## ORDER OF COURT

AND NOW, this 8th day of January, 2014, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 10) is granted.

                            BY THE COURT:

                            s/  Donetta W. Ambrose
                            Donetta W. Ambrose
                            United States Senior District Judge